IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21031
_____


JOE ALFRED IZEN, JR.,

                              Plaintiff-Appellant,

versus

TERRANCE CATALINA, Special Agent,
In his Official and Individual Capacity;
JAMES CLIMER, Special Agent,
In his Official and Individual Capacity,

                              Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
June 29, 2001

Before JOLLY, MAGILL[*], and BENAVIDES, Circuit Judges.

PER CURIAM:

In late 1989, the IRS initiated an administrative proceeding to suspend Joe Alfred Izen, an attorney, from practicing before the IRS. Patrick McDonough, an attorney with the Office of Director of Practice (which is independent of the IRS), recommended that Izen be suspended because he had failed to timely file federal income tax returns for 1980, 1981, and 1982.

During this administrative disbarment proceeding, McDonough denied that the IRS was pursuing criminal charges against Izen.

_____

[*]    Circuit Judge of the Eighth Circuit, sitting by designation.

Relying on this statement, Izen testified before the administrative law judge. In late 1991, McDonough learned that Izen was in fact the target of an ongoing criminal investigation conducted by the IRS. McDonough then dismissed the administrative complaint against Izen.

The ongoing criminal investigation began in early 1990 (shortly after the administrative proceedings had begun). IRS agent Terrance Catalina directed the investigation. Another IRS agent, James Climer, posed as an oil investor with illegal funds that needed "laundering." Catalina's investigation of Izen resulted in an indictment in 1995. The indictment alleged that Izen created a foreign trust for the purpose of money laundering. Izen plead "not guilty" to the money laundering charges, raising the defenses of entrapment, prosecutorial misconduct, and tainted evidence. He filed a motion to suppress all evidence obtained through the administrative proceedings.

The district court judge hearing the money laundering case denied Izen's motion to suppress. He explained that there was no duplicity between McDonough and Catalina: "[T]wo government agencies [were] separately conducting their business with neither knowing what the other was doing, and with the resulting mistake by McDonough providing no benefit to the government and causing no harm to Izen." In May 1996, before the case went to trial, however, the government moved to dismiss all pending criminal charges against Izen.

In May 1997, Izen filed this *Bivens* suit, seeking $4 million in damages, against Catalina and Climer in both their official and individual capacities.  Izen alleged that the IRS agents subjected him to malicious and retaliatory prosecution and violated his Fifth Amendment privilege against self-incrimination.

Catalina and Climer filed motions to dismiss for lack of jurisdiction and for failure to state a claim on which relief can be granted, as well as a motion for summary judgment on qualified immunity grounds.  The district court referred the matter to a magistrate judge, who issued a memorandum recommending that Izen's claims be dismissed.  Izen filed objections, but the district court adopted the magistrate judge's recommendation. The district court dismissed in part, and granted summary judgment in part.

DISCUSSION

On appeal, Izen raises his Fourth Amendment claim of malicious prosecution arguing that the criminal charges against him were terminated in his favor.  He also claims that the criminal charges were brought in retaliation in violation of his First Amendment rights.  Moreover, Izen appeals certain discovery and evidentiary rulings.  Lastly, Izen appeals the district court's grant of summary judgment in favor of the government on qualified immunity grounds.  Climer also continues to argue that the court lacks personal jurisdiction over him due to improper

3

service of process.  Each issue will be addressed in turn.

**Personal Jurisdiction**

The district court properly exercised personal jurisdiction over Climer.  Izen complied with Rule 4(e)(1), which allows service pursuant to the law of the state where the district court is located or where service is effected.  Fed. R. Civ. Proc. 4(e)(1).  Oklahoma law provides that: "Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."  OKLA. STAT. ANN. tit. 12, § 2004(C)(2)(b). Oklahoma courts, however, require only "substantial compliance" with the statutes.  *Graff v. Kelly*, 814 P.2d 489 (Okla. 1991). Thus, the Tenth Circuit has held that service of process was valid where someone other than the addressee signed the return receipt but the defendant received actual notice of the attempted service.  *Kitchens v. Bryan Co. Natl. Bank*, 825 F.2d 248, 256 (10th Cir. 1987)("In Oklahoma, the object of the state notice statutes is to provide a method of notification which 'is reasonably calculated to give [the defendant] knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard.  No rigid formula exists as to the kind of notice that must be sent; the notice required will necessarily vary with the circumstances and conditions.'").  Some Oklahoma courts have even suggested that service of process is sufficient to confer personal

4

jurisdiction if it informs the defendant that he has been sued. *See Shamblin v. Beasley*, 967 P.2d 1200, 1210 (Ok.1998); *see also Van Nort v. Davis*, 800 P.2d 1082 (Okla. App. 1990).

In the instant case, Izen sent service of process to Climer's Oklahoma City office at a time when he no longer worked there, and someone else signed the receipt. Climer received prompt, actual notice of the suit. The summons was delivered to the IRS office on April 15, 1998. On May 6, 1998, Climer filed a motion to enlarge the time to file an answer. Previously, Izen solicited information from the IRS regarding the manner in which Izen could effect service upon Climer and, as the district court found, the IRS failed to provide full and accurate information. Given Climer's actual notice of this suit and the circumstances surrounding the method of notification, it is clear that the method of notification was reasonably calculated to give, and in fact, did give the defendant at a meaningful time and in a meaningful manner knowledge of the attempted exercise of jurisdiction to give the defendant an opportunity to be heard. Accordingly, the district court did not err in exercising jurisdiction over Climer.

**Malicious Prosecution**

Izen has properly brought this suit for damages against the defendants in their individual capacities alleging that federal officers violated his constitutional rights. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.

388 (1971).  This Circuit has long recognized a constitutional right under the Fourth Amendment "to be free from malicious prosecution."  *Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999); *see also Eugene v. Alief Ind. Sch. Dist.*, 65 F.3d 1299, 1303, 1305 (5th Cir. 1995)(holding that this right was clearly established as early as 1972).  But "malicious prosecution may be a constitutional violation . . . only if all of its common law elements are established."  *Evans v. Ball*, 168 F.3d 856, 862 n.9, 863 (5th Cir. 1999).  To sustain a malicious prosecution claim, Texas law requires that a plaintiff show "(1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff."  *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994).

The district court dismissed Izen's malicious prosecution claim because Izen failed to state a claim for which relief could be granted.  Specifically, the district court found that the criminal proceeding did not terminate in favor of Izen.  This Court reviews a district court's dismissal of a claim under Rule 12(b)(6) de novo.  *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999).

The IRS agents and the district court rely on language in *Evans* stating that "proceedings terminate in favor of the accused

6

only when they affirmatively indicate that [the accused] is not guilty." *Evans*, 168 F.3d at 859; see also *Taylor*, 36 F.3d at 456. We find both *Evans* and *Taylor* factually distinguishable from the case at hand and the rule therein not controlling. In both *Evans* and *Taylor*, the plaintiff in the malicious prosecution suit had entered into a plea bargain in order to terminate the criminal proceedings. In *Evans*, for example, the plaintiff retired from his government job in exchange for a dismissal of the criminal charges. In Izen's case, there is no quid pro quo.

In *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995), when determining whether the criminal proceeding terminated in the plaintiff's favor, this Court noted that "an order of dismissal based on the affirmative decision not to prosecute are examples of such termination." *Brandley*, 64 F.3d at 199. Similarly, in *Kerr,* the defendants were indicted, but the charges against them were dropped. This Court found that the elements of a malicious prosecution claim were satisfied, including termination in their favor, except for probable cause. *Kerr*, 171 F.3d at 340. Also, in *Brummett v. Camble*, 946 F.2d 1178 (5th Cir. 1991), the claims against the plaintiff were dismissed. This Court in determining whether the statute of limitations had run on the plaintiff's malicious prosecution claim held that "Brummett's suit was filed less than two years after the underlying criminal proceeding terminated in his favor." *Brummett*, 946 F.2d at 1184.

Additionally, Texas courts have held that a prosecution has

7

been terminated in the accused's favor where the prosecutor has dismissed the charges. *See Thrift v. Hubbard*, 974 S.W.2d 70, 78 (Tex. App.--San Antonio, 1998); *Leal v. American Nat'l Ins. Co.*, 928 S.W.2d 592, 597 (Tex. App.–Corpus Christi, 1996). Thus, in instances where the criminal defendant's charges were dismissed without a quid pro quo arrangement, this Court has found that the prosecution terminated in their favor. In the instant case, the charges against Izen were dropped and the government moved to dismiss the case without any concession or agreement by Izen. Accordingly, we find that the underlying claim in the instant case was terminated in Izen's favor. We therefore vacate the district court's dismissal of Izen's malicious prosecution claim and remand for consideration whether the defendants had probable cause and acted with malice when prosecuting Izen.

**Retaliatory Prosecution**

In granting summary judgment in favor of the defendants in regard to Izen's retaliatory prosecution claim, the district court required that Izen show a material issue of fact that "there was no legitimate purpose at all for the Defendants' conduct." The rule in this Circuit, however, is that a plaintiff alleging retaliatory prosecution must show that he was "prosecuted at least in part to retaliate for constitutionally protected conduct." *Gates v. City of Dallas*, 729 F.2d 343, 346 (5th Cir. 1984). As the rule articulated in *Gates* makes clear, retaliation need not be the sole motive for prosecuting.

8

Therefore, the district court was mistaken in requiring Izen to prove that "there was no legitimate purpose at all for the Defendants' conduct."

The district court concluded that the IRS agents had a legitimate reason for instituting its criminal investigation: Catalina learned that Izen had not timely filed tax returns. However, neither the district court nor the IRS agents explain the connection between Izen's late filing of tax returns and the agents' decision to begin an undercover sting operation to investigate possible money laundering through offshore trusts. Based on the record and the briefs, there is a genuine issue of material fact as to the reasons Izen was investigated and prosecuted and therefore we vacate the grant of summary judgment as to Izen's retaliatory prosecution claim.

**Self-Incrimination**

The district court dismissed Izen's Fifth Amendment claim. The court held that collateral estoppel applied because previously, at a pretrial motion in the money laundering suit, the judge denied a motion to suppress because he saw no Fifth Amendment violation. Even if collateral estoppel does not apply as Izen contends, we find, however, that Izen's Fifth Amendment claim lacks merit and therefore affirm the district court's grant of summary judgment in this regard. Izen claims that, because he was not informed of the ongoing criminal investigation at the time he testified in civil court, he unfairly incriminated

9

himself.  At the time Izen testified at the civil trial, however, he knew there was a possibility he was incriminating himself, even if there were not ongoing criminal charges, and could have exercised his Fifth Amendment rights.  "[A] witness may properly invoke the Fifth Amendment 'privilege against compulsory self-incrimination . . . 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory' when he [or she] 'reasonably apprehends a risk of self-incrimination, . . . though no criminal charges are pending against him [or her], . . . and even if the risk of prosecution is remote.'" *Doe v. Louisiana*, 2 F.3d 1412 at 1419 n.14 (5th Cir. 1993)(citations omitted).  Moreover, there is no showing that these statements were used against Izen or affected the proceedings as both the criminal and civil actions were dismissed.  *United States v. Tapp*, 812 F.2d 177, 179 (5th Cir. 1987).  We therefore affirm the district court's dismissal of Izen's Fifth Amendment claim.

**Grand Jury Minutes**

Izen also appeals the district court's decision which denied Izen's motion to disclose grand jury minutes.  This court reviews a district court's decision regarding disclosure of grand jury materials under an abuse of discretion standard.  *In re Grand Jury Testimony*, 832 F.2d 60, 60-2 (5th Cir. 1987). "Rule 6(e) provides certain exceptions, and case law has established that a district court may properly order release of grand jury materials where a party demonstrates with particularity a 'compelling

10

necessity' for the materials." *Id.* at 62-63.  We find that Izen

has not shown a compelling necessity and the district court did

not abuse its discretion in denying this motion.

**Qualified Immunity**

Izen also appeals the district court's grant of summary

judgment based on qualified immunity.  The basic rule of

qualified immunity is that: "Government officials performing

discretionary functions generally are shielded from liability for

civil damages insofar as their conduct does not violate clearly

established . . . constitutional rights of which a reasonable

person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982).  Having determined that Izen's constitutional claims

were not viable, the district court reasoned that it would not be

obvious to the defendants that they were violating Izen's

constitutional rights, and accordingly dismissed the claims on

the alternative basis of qualified immunity.  In as much as we

have set aside the district court's finding with respect to

Izen's First and Fourth amendment claims, the rationale for the

district court's granting qualified immunity evaporate and we

remand the qualified immunity issue for reconsideration.

**Discovery**

In this regard, Izen also argues that the district court

abused its discretion in not allowing discovery prior to ruling

on the qualified immunity motion.  Generally, a court should

allow discovery only if it finds that the officer's conduct

11

violated a clearly established right.  *See Siegert v. Gilley*, 500 U.S. 226 (1991).  Because we have remanded Izen's First and Fourth Amendment claims, we vacate this ruling and instruct the court to consider this claim in light of its findings on remand.

Accordingly, we AFFIRM the district court's dismissal of Izen's Fifth Amendment claim and its denial of Izen's motion to disclose grand jury minutes; the orders dismissing Izen's malicious prosecution claim, granting qualified immunity and granting summary judgment in regard to Izen's retaliatory prosecution claim are VACATED and the case is remanded to the district court for further proceedings consistent with this opinion.